**WO**                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anibal Ortiz, | No. CV 09-1048-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Todd Thomas, et al., | |
| Defendants. | |

Plaintiff Anibal Ortiz, who is confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 3.)[1] The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees

---

[1] "Doc.#" refers to the docket number of filings in this case.

according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## III.    Complaint

Plaintiff alleges three counts for denial of basic necessities and deprivations of property without due process. He sues the following SCC employees: Warden Thomas; Assistant Wardens Bradley and Griego; Chiefs Lopez, Meiner, and Carrier; Quality Assurance Officer Alvara; Grievance Coordinator Valenzuela; Librarian Machuca; Unit Managers Betrus and Garcia; Case Manager Molina; Correctional Counselors Reyes, Summerland, Madrid, and Neph; and Corrections Officers Landreth and Maccri. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.

1 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Count I

Plaintiff designates Count I as a claim for violation of his right to basic necessities. To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave for an Eighth Amendment violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)). "The more basic the need, the shorter the time it can be withheld." Hoptowit v. Ray, 682 F.2d 1287, 1259 (9th Cir. 1982). In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 837. In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." Id. A plaintiff must also allege how he was injured by the alleged

unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm).

Plaintiff alleges the following: On February 23, 2009, Case Manager Molina gave him an updated commissary order list for inmates in administrative segregation, where Plaintiff was then held. Unit Manager Betrus assigned distribution of the list to Molina. Plaintiff wrote a grievance asserting that the list violated "the agreed contract and procedures" by treating Administrative Segregation inmates differently than General Population inmates; Plaintiff allegedly circulated the grievance to Warden Thomas, Assistant Wardens Bradley and Griego, Chiefs Lopez, Meiner, and Carrier, Quality Assurance Officer Alvara, Betrus, and Molina. According to Plaintiff, Grievance Coordinator Valenzuela "hindered the process and stated false policy." (Doc.# 1 at 3.) Plaintiff alleges that he was informed that the contract of policies and procedures could be changed at any time by CCA, "a multi-million [dollar] corporation with good lawyers." (Id.) Plaintiff alleges that the order list form has denied him basic necessities "of a just commissary" based on deprivation of stationary, stamps, snack foods, floss, comb, brush, tooth picks, lotion, mirror, etc. (Id.)

Plaintiff in part alleges a breaches of a contract between CCA and a state. A mere breach of contract does not rise to the level of constitutional violation. Similarly, a failure to comply with prison policies or procedures, absent more, does not rise to the level of a constitutional claim. To the extent that Plaintiff asserts that he was denied basic necessities, Plaintiff fails to allege facts to support that he was deprived of "essential food, medical care, or sanitation." Instead, Plaintiff alleges that he was not afforded the same access to commissary items as General Population inmates. Absent facts to support that he was deprived of the minimal civilized measure of life's necessities, including specifically what, when, how, and by whom, Plaintiff fails to state a claim for denial of basic necessities.

**B.     Count II**

In Count II, Plaintiff alleges a deprivation of property without due process. Due process claims related to prisoner property commonly arise when property is taken or destroyed by random and unauthorized conduct of a prison official, without an opportunity

1 for the prison to provide meaningful pre-deprivation due process.  Under Supreme Court
2 doctrine in Parratt v. Taylor, 451 U.S. 527, 537 (1981), and Hudson v. Palmer, 468 U.S. 517,
3 530-36 (1984), neither unauthorized intentional nor negligent deprivations of property give
4 rise to a due process claim so long as the State provides an adequate post-deprivation
5 remedy.  Thus, the availability of an adequate state post-deprivation remedy, such as a state
6 tort action, for unauthorized deprivations precludes a claim for violation of due process.
7 King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).

In Count II, Plaintiff alleges the following:  Under prison policies and procedures, library staff are to "only glance at the material" sent to the law library for copying to ensure legality.  (Doc.# 1 at 4.)  On March 4, 2009, copies of documents sent by Plaintiff to be copied at the law library were returned to him, but Plaintiff discovered that "manuscripts," which he intended to publish, were missing.  (Id.)  Plaintiff asserts that the law librarian, Ms. Machuca, stole the manuscripts.  (Id.)  He contends that Warden Thomas instructed Assistant Wardens Griego and Bradley to instruct Chiefs Lopez, Meiner, and Carrier to instruct Betrus, Molina, and Valenzuela to refuse to return the manuscripts and to "hinder the grievance process."  (Id.)  He apparently grieved the seizure but Griego and Bradley found that Machuca had not stolen the manuscripts and told Plaintiff that CCA would not permit publication unless CCA received some of the proceeds.

As explained above, where a state makes a meaningful post-deprivation remedy available, neither a negligent, nor an intentional, unauthorized deprivation of an inmate's property by a state employee violates the inmate's Fourteenth Amendment right to due process.  Parratt, 451 U.S. at 541; Hudson, 468 U.S. at 533.  The availability of a common-law tort suit against a private prison employee constitutes an adequate post-deprivation remedy.  Hudson, 468 U.S. at 534-35. Because Plaintiff has an available common-law tort remedy against a private prison employee who deprives him of property, he may not sue under § 1983 for violation of his due process rights with respect to the loss of the manuscripts.

28 / / /

### C. Count III

In Count III, Plaintiff alleges claims based upon two incidents. In the first, he alleges the deprivation of property without due process and retaliation based on the following: On July 17, 2007, Plaintiff was transferred from a Tallahatchie facility to SCC, with his property to be forwarded to SCC. When Plaintiff examined his property, however, he found that some unspecified property was missing. Plaintiff raised the issue with Assistant Warden Bradley, who allegedly told Plaintiff that he would be reimbursed, but Plaintiff never received reimbursement. Plaintiff grieved the issue and claims he experienced "some retaliation," which he fails to describe. (Doc.# 1 at 5.)

As to the alleged deprivation of property based on this incident, Plaintiff fails to describe the property that was missing or any facts to support that any named Defendant was in any way involved with the loss of the property. His allegations are vague and conclusory. He therefore fails to state a claim.

Plaintiff also asserts that he was subject to "some retaliation" based on this incident. To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment, or other constitutional rights, or caused the prisoner to suffer more than minimal harm. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest"). An inmate may also state a constitutional violation where he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

Plaintiff's assertion of retaliation is vague and conclusory. Plaintiff fails to set forth

any facts regarding how, when, or who retaliated against him. Further, he also fails to set forth facts to support that any Defendant retaliated against him for engaging in constitutionally protected conduct. For this reason, Plaintiff fails to state a claim based on this incident.

In the second of the two incidents described in Count III, Plaintiff alleges the following: On April 8, 2008, Plaintiff was demoted from an unlicensed program being run in the facility. Defendants Reyes, Neph, Landreth, and Maccri gathered Plaintiff's unidentified "property unresponsibly" and without inventorying the property under the supervision of Garcia. (Doc.# 1 at 5.) Plaintiff contends this was contrary to prison policies and procedures. Plaintiff further alleges: "On July 18, 2009 [sic]," he was placed in Administrative Segregation and waited for a full inventory of his property from the April 8 demotion, which he had not received from Defendant Anthony. Plaintiff states that Anthony "purposely verbally denied" him. (Id.) On March 5, 2009, Defendants Summerland and Madrid provided an inventoried property list and indicated that they had been instructed by Defendants Betrus, Lopez, Meiner, Carrier, and Thomas to designate Plaintiff's property as "non-allowable" due to an upcoming audit and informed Plaintiff that he had either to send the property out or it would be destroyed. (Id.) Plaintiff refused to send the property out on the basis that prison policies provided that the property of inmates in administrative segregation was to be stored. Plaintiff grieved the issue, but Defendant Valenzuela, the Grievance Co-ordinator, "hindered the process . . . by quoting false doctored policies." (Id.)

Plaintiff's allegations are vague and conclusory. As to this incident, Plaintiff appears to allege that he was deprived of property pursuant to prison policies. Under such circumstances, an inmate is entitled to pre-deprivation due process. However, based on Plaintiff's allegations, he appears to have been afforded pre-deprivation due process by being given an opportunity to send out non-allowed property. Therefore, Plaintiff fails to state a claim for violation of his due process rights based on this event.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

1 a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
2 amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
3 Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
4 to use the court-approved form, the Court may strike the amended complaint and dismiss this
5 action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See

LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint is **dismissed** for failure to state a claim. (Doc.# 1.) Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 26th day of June, 2009.

Mary H. Murguia
United States District Judge