1  **WO**                                                                                              SC
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                         **FOR THE DISTRICT OF ARIZONA**
8
9
10  Anibal Ortiz,                          )   No. CV 09-1048-PHX-MHM (JRI)
11                                         )
           Plaintiff,                      )   **ORDER**
12                                         )
    vs.                                    )
13                                         )
    Todd Thomas, et al.,                   )
14                                         )
           Defendants.                     )
15  _____)

Plaintiff Anibal Ortiz, who is a Hawaiian inmate confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging claims for denial of basic necessities and deprivations of property without due process. (Doc.# 1.)[1] In an Order filed on June 29, 2009, the Court dismissed the Complaint for failure to state a claim with leave to file an amended complaint within 30 days. (Doc.# 4.) The action was dismissed on August 14, 2009, after Plaintiff failed to file an amended complaint. (Doc.# 6.) The next business day, Plaintiff's First Amended Complaint was received and Plaintiff thereafter filed a motion to reopen. (Doc.# 7, 8.) The Court will grant the motion to reopen and vacate entry of judgment entered on August 14, 2009. The Court will dismiss the First Amended Complaint with leave to amend within 30 days.

---

[1] "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to comply with Local Rule 3.4(a), which requires hand-written pleadings to be legible.

## II. First Amended Complaint

Plaintiff alleges five counts for retaliation, denial of due process and equal protection, and denial of access to the courts. He sues the following CCA employees: Regional Director Swenson; SCC Warden Thomas; SCC Assistant Wardens Bradley and Griego; SCC Chiefs M. Lopez, Meiner, and Carrier; SCC Grievance Coordinator Valenzuela; SCC Librarian Machuca; SCC Lieutenants Samberg, Roger Wallace, and R. Reyes; SCC Sergeants Anthony, Dwight, and Dublasi; SCC Unit Managers Betrus, Garcia, T. Dobson; SCC Case Managers Molina and Andrew Hannah; SCC Correctional Counselors Betty Tafoya, N. Clark, Summerland, Madrid, Neph, and Maccri; SCC Captains M. Ramirez and E. Hernandez; SCC Corrections Officers Landreth, Brinson, Solis, Lewis, Lopez, Chevidia, Magallenes, and Harris; SCC Facility Investigator Williamson; and S.O.R.T. John Does. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

/ / /

## III. Failure to Comply with LR Civ. 3.4(a)

Local Rule 3.4(a) provides in relevant part a complaint filed by an incarcerated person "shall be signed and legibly written" or typed. Plaintiff's First Amended Complaint fails to comply with this requirement. The First Amended Complaint is hand-written in tiny script and Plaintiff has inserted additional lines that further reduce the legibility of his pleading. For this reason, the Court will dismiss the First Amended Complaint with leave to file a Second Amended Complaint that is *legible*.

## IV. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to comply with LR Civ. 3.4(a). Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiency outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or *legibly* rewritten in its entirety on the court-approved form and may not incorporate any part of the prior complaints by reference. **Plaintiff may include only one claim per count**.

A second amended complaint supersedes the prior complaints. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat any prior complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2 in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the Complaint was dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order and in the prior Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's motion to reopen is **granted** to the extent that judgment entered on

1  August 14, 2009 is **vacated** and Plaintiff's First Amended Complaint, doc.# 7, is deemed
2  timely filed. (Doc.# 8.)

3     (2) The First Amended Complaint is **dismissed** for failure to comply with LR Civ.
4  3.4(a) requirement that prisoner complaints be typed or *legibly* written. (Doc.# 7.) Plaintiff
5  has **30 days** from the date this Order is filed to file a second amended complaint in
6  compliance with this Order.

7     (3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
8  Court must, without further notice, enter a judgment of dismissal of this action with prejudice
9  that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

10     (4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
11  rights complaint by a prisoner.

12  DATED this 15th day of October, 2009.

_____
Mary H. Murgula
United States District Judge

JDDL-K

- 5 -