# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Anibal Ortiz,** Plaintiff -vs- **Donna Burnias, et al.,** Defendants | CV-09-1048-PHX-MHM (JRI) **REPORT & RECOMMENDATION** |

**Background** - On December 22, 2009, the Court completed screening of Plaintiff's Second Amended Complaint (Doc. 10), dismissing all defendants except Defendants Cain and Burnias. (Order 12/22/09 Doc. 11.) Defendant Burnias has since answered. (Doc. 15.)

Service on Defendant Cain was returned unexecuted on February 12, 2010 (Doc. 14). Corrections Corporation of America was directed to provide an address for Defendant Cain (Order 4/14/10, Doc. 18), which they did (Doc. 18). Service was again attempted and returned unexecuted on May 13, 2010 (Doc. 26). In the meantime, on April 30, 2010, Defendants filed a more recent last known address for Defendant Cain (Doc. 24), and service was again ordered (Order 6/10/10, Doc. 31) and attempted at this address and on June 28, 2010, again returned unexecuted (Doc. 37).

On July 16, 2010, Plaintiff filed a motion (Doc. 40) seeking to serve Defendant Cain by publication. That motion was denied without prejudice (Order 8/12/10, Doc. 46), on the basis that Plaintiff had failed to provide the required affidavit of due diligence to effect personal service, and because "the record reflects little effort by Plaintiff beyond asking for the Court to order Cain's employer to provide a last known address." (Doc. 46 at 1.)

On September 2, 2010, Plaintiff a second motion to serve, providing an Affidavit in support (Doc. 54), and again seeking service on Cain by publication, and to extend the time for service. Both requests were denied. (Order 10/22/10, Doc. 62.)

- 1 -

**Applicable Law** - Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

Where a magistrate judge enters an order on a non-dispositive matter, a party has 14 days to object to the order, and a "party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

**Application of Law to Facts** - Under the foregoing rules, service in this matter should have been completed by March 3, 2010. In addition, the Court's Scheduling Order, filed April 14, 2010 (Doc. 18) advised Plaintiff that the presumptive maximum service date was March 3, 2010.

In denying Plaintiff's motion to extend the time for service (Doc. 51), the undersigned found a lack of "good cause as required by Rule 4(b) to further extend the time for service." (Order 10/22/10, Doc. 62 at 3.) That order was served on Plaintiff by mailing on October 22, 2010. Plaintiff has not filed an objection to that Order, and the time to do so has now run.

**IT IS THEREFORE RECOMMENDED** that Defendant Cain be **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1 Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: December 1, 2010

S:\Drafts\OutBox\09-1048-r RR 10 11 29 re Dismiss Cain FTSrv.wpd

_____
JAY R. IRWIN
United States Magistrate Judge